**BROOKLYN (village) v DOMINIC NERO CONSTRUCTION CO et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15834. Decided March 22, 1937

Kuth & Ehrke, Cleveland, for plaintiff-appellant.

William Morgan, Cleveland, for defendant-appellee, Construction Co.

Alfred Clum, Director of Law, Cleveland, Henry Brainard and Edward Blithin, Assistant Directors of Law, Cleveland, for defendant-appellee, City of Cleveland.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ, (5th Dist) sitting by designation.

**OPINION**

By THE COURT

By the original petition filed by the Village of Brooklyn in the trial court, it was sought to enjoin the defendant-appellees, from the construction of a sewer, a portion of which, to-wit, about 180 feet, traversed territory laying without the city's limits and within the limits of the Village. It was averred that the city had failed to secure of the Village its permit to construct the portion of the sewer within its limit and that the same when and if constructed would result in the establishment and creation of a continuing nuisance. The relief asked for was that a temporary injunction be granted and upon final hearing that the sewer's construction be permanently enjoined. The defendants by answer and cross-petition deny the claim of a nuisance's creation and aver that the village has arbitrarily withheld the issuance of a license, that its officials arbitrarily refused the same. It was asked that in default of issuance of the permit that the decree to be entered be a substitute therefor. Upon final hearing in the trial court the issues were determined in favor of the defendants and the plaintiff's petition was dismissed. From this order the plaintiff appeals on questions of law and fact.

It is here observed that an application for a temporary restraining order was never made in the court of first instance, that a permanent restraining order was denied. The records of this court disclose that no application was ever made to this court for an injunction during the pendency of this appeal.

Our attention is further directed to the fact that upon leave of another branch of this court, an amended and supplemental petition has been filed in this court. The prayer of this second petition in part asks that this court finally issue a mandatory injunction requiring the removal of the sewer. This portion of the prayer of course presupposes that the sewer has been constructed. It is conceded in open court that the sewer has in fact been and is not practically complete and is about to be placed in operation. The appellees now, by motion, ask this court to dismiss the cause for the reason that the issues presented are moot.

The village, as pointed out, has at no time applied for a temporary restraining order during the course of the causes pendency. It had a right to do so. It knowing did forego the assertion of that right. It permitted the defendants to construct the sewer. It is well understood that a waiver is the voluntary relinquishment of a known right. It, the village, had a right to require the procurement of a permit. It waived that right when it permitted the defendants to construct the sewer during the pendency of the suit. It cannot now be heard to assert the necessity of a permit as a cause for the issuance of an injunction as prayed for.

Upon the second phase of the case, this court is now requested to determine if this sewer is a nuisance. A sewer  is not a nuisance per se. We are now asked to speculate upon the fact that it will result in such when put to work. Only time will disclose if its construction and operation shall result in a nuisance. The notion entertained by the court is that if it should develop into a nuisance that the suit is now prematurely brought and for this court to entertain the present controversy is to engage in the determination of a moot question. The motion must be sustained without prejudice to the commencement of a future suit should the sewer as operated become a nuisance. The appeal is dismissed.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ, concur.